UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SUAREZ NEGRETE,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID KILLINGER,<br><br>  Defendant. | Case No. 1:25-cv-01160-JLT-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Fernando Suarez Negrete is proceeding pro se and *in forma pauperis* in this action. Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge

1

consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.    SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared his complaint on a form titled "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)." (Doc. 1.) He provides an address in Visalia, California, and names as the sole defendant David Killinger ("Defendant"), which he pleads is a citizen of the State of Texas. (*Id*. at 1, 3.)

Plaintiff claims that, despite having "no contractual relationship" with him, Defendant is "seeking payment" from him. (Doc. 1 at 4, 6.) He alleges that "[a]s an agent for the principal," he sent Defendant "an indorsement of the negotiable instrument," to which Defendant "did not respond within 10 days, did not provide requesting accounting, and did not provide a wet ink signature claiming owe the debt." (*Id*.) According to Plaintiff, Defendant "continues to attempt collection despite these failures to respond." (*Id*.) He requests "closure of all accounts," an order requiring Defendant "to either perform on the bill or discharge the contract," or "alternatively" $5,000,000 and "[to] cease all collection attempts." (*Id*. at 4.)

## III. DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Diversity Jurisdiction**

Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship. (Doc. 1 at 3.) Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum

or value of $75,000" and where the matter is between "citizens of different States."  In other words, the plaintiff and the defendants must be citizens of different states to satisfy the complete diversity requirement of section 1332.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants); *Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")).

Plaintiff alleges that he is a citizen of California, and that Defendant is a citizen of Texas, establishing diversity of the parties.  (Doc. 1 at 3.)  Plaintiff also alleges that the amount in controversy for this action is $5 million dollars.  (*Id*. at 4.)  This amount, however, appears to be wholly unsubstantiated.  Plaintiff's claims appear to be based on Defendant's continued collection of a debt without providing requested documentation, yet he does not allege any specific damages as a result of those alleged wrongful collection efforts.  Thus, it is not clear to the Court how Plaintiff arrived at the alleged amount in controversy.

"The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).  Here, it is not clear that Plaintiff's $5 million dollar claim was made in good faith.  Should Plaintiff elect to file an amended complaint that purports to invoke this Court's diversity jurisdiction, he must substantiate his alleged $5 million amount in controversy by submitting declarations and other evidence specifying the nature and amount of his damages.

**B.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the

4

defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

There are few factual allegations in the complaint that form the basis of Plaintiff's purported breach of contract claim. The complaint alleges in a vague and conclusory manner that Defendant "is seeking payment" from him and did not provide certain documents. (Doc. 1 at 4, 6.) It is not clear, however, how that conduct forms the basis of any breach of contract claim.

Plaintiff must set forth factual allegations against Defendant sufficient to state a claim. If Plaintiff elects to amend his complaint, he must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so shall result in dismissal of this action.

**C.    Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.    Breach of Contract

Plaintiff's complaint is titled "Complaint for a Civil Case Alleging Breach of Contract," but no contract is alleged—in fact, Plaintiff expressly disavows the existence of a contract in the complaint. (*See* Doc. 1 at 6 ("I have no contractual relationship with [Defendant].").) In California, a cause of action for breach of contract has four elements: (1) a contract *exists* between the parties; (2) plaintiff has performed all the contractual duties or was excused from nonperformance, (3) defendant has breached the contractual duties, and (4) plaintiff's damages were a result of the breach. *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830 (1968) (emphasis added). To state a claim for breach of contract, Plaintiff is required to plead each of these elements supported by factual, non-conclusory allegations.

2.    Debt Collection

To the extent Plaintiff complains of wrongful debt collection, the following laws may apply. The federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1030 (9th Cir. 2010)

(quotation marks omitted). To state an FDCPA claim, the plaintiff must plead the following: "(1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)). The Act "imposes liability only when an entity is attempting to collect debt." *Ho v. ReconTrust Co.*, 858 F.3d 568, 571 (9th Cir. 2017) (citing 15 U.S.C. § 1692(e)). A "debt collector" under the FDCPA includes any person (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," or (3) who is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). However, the term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id*.

California's Fair Debt Collection Practices Act, or Rosenthal Act, "mimics or incorporates by reference the FDCPA's requirements" and "makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also* Cal. Civ. Code § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of [the FDCPA], inclusive, of, and shall be subject to the [FDCPA] remedies[.]"). To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) the plaintiff is a "debtor," (ii) the debt at issue is a "consumer debt," (iii) the defendant is a "debt collector," and (iv) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Ansari v. Elec. Document Processing Inc.*, No. 5:12-cv-01245-LHK, 2013 WL 4647621, at *11 (N.D. Cal. Aug. 29, 2013).

Importantly, the "FDCPA's definition of debt collector does not include the consumer's creditors," unless the creditor used a name other than its own in collecting the debt. *Gieseke v. Bank of America, N.A.*, No. 13-cv-04772-JST, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014). But a creditor can be a "debt collector" under the Rosenthal Act. *Patera v. Citibank, N.A.*, 79 F.

Supp. 3d 1074, 1090 (N.D. Cal. 2015).

**D.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so he can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he can substantiate the amount in controversy for purposes of subject matter jurisdiction based on diversity jurisdiction, and if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

**IV.    ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint;

        b. Notify the Court in writing that he wants to stand on this complaint; or

        c. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01160-JLT-SKO.

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **September 23, 2025**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE