UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEGRETE TRIBE TRUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID KILLINGER,<br><br>　　　　　Defendant. | Case No. 1:25-cv-01160-JLT-SKO<br><br>ORDER TO SHOW CAUSE REGARDING PURPORTED PRO SE REPRESENTATION OF A TRUST IN THIS ACTION<br><br>(Doc. 7)<br><br>THIRTY-DAY DEADLINE |

Fernando Suarez Negrete ("Negrete"), proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on September 8, 2025. (Docs. 1–3.) On September 23, 2025, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Negrete thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.)

On November 24, 2025, after having been granted an enlargement of time (Doc. 6), Negrete filed a first amended complaint. (Doc. 7 at 5–8.) The amended complaint names as the sole plaintiff "The Negrete Tribe Trust" (the "Trust"), which is described as "a private irrevocable pure ecclesiastical living trust organization," and identifies Negrete as "living Moorish American Aboriginal Indigenous California State National, Secured Party Creditor, Holder-in-Due-Course, Beneficiary & Authorized Representative." (*Id*. at 5.)

A trust must appear in federal court through a licensed attorney. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (stating that a trust must be represented by an attorney). Relatedly, although a

non-attorney may appear pro se on their own behalf, that privilege is personal to them, and they have no authority to appear on behalf of anyone other than themselves. *C.E. Pope*, 818 F.2d at 697; *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). It is not clear what Negrete means by "living Moorish American Aboriginal Indigenous California State National, Secured Party Creditor, Holder-in-Due-Course, Beneficiary & Authorized Representative," but if he is endeavoring to represent the interests of the Trust, he must retain an attorney to do so. *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants); *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant.); *see also Simon*, 546 F.3d at 667 ("[A]bsent statutory authority stating otherwise, the general rule against permitting pro se litigants from representing others is applicable[.]").

Accordingly, it is HEREBY ORDERED that, by no later than **30 days of service of this Order,** Negrete shall:

1. retain an attorney to represent the Trust and instruct the attorney to enter a notice of appearance in this action to prosecute the first amended complaint;

2. file a second amended complaint that clearly alleges claims solely on Negrete's own behalf as an individual;[1] or

---

[1] Should Negrete choose to file a second amended complaint on his own behalf, the Court reminds him that Federal Rule of Civil Procedure 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers . . . thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). Inclusion of "UCC 1-308" with one's signature on a pleading (*see e.g.,* Doc. 7 at 7) "contravenes" this "fundamental" purpose. *McCarley v. AIRBNB, Inc.,* No. 2:25-CV-00510-JAD-MDC, 2025 WL 1151131, at *1 (D. Nev. Apr. 17, 2025) (rejecting the plaintiff's "UCC 1-308 signature" as "not valid" for purposes of Rule 11(a).). In addition to being properly signed in accordance with Rule 11, any second amended complaint shall demonstrate the basis for this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332 and comply with Rule 8 of the Federal Rules of Civil Procedure—as the Court previously advised (*see* Doc.4)—and shall also be devoid of any "Moorish" or sovereign citizen ideology, which this Court and others have rejected. *See, e.g., Rothschild El v. Cascade View Drive LLC,* No. 2:25-CV-01685-LK, 2025 WL 2848072, at *2 (W.D. Wash. Oct. 8, 2025); *Vigil v. JP Morgan Chase Bank, N.A.,* No. 2:25-CV-0629-DAD-AC (PS), 2025 WL 986030, at *3 (E.D. Cal. Apr. 2, 2025); *McCarley v. Stout Ins. Co., LLC*, No. 2:24-CV-01697-CDS-MDC, 2024 WL

       3.      otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *C.E. Pope*, 818 F.2d at 697–98.

If Negrete fails to adequately respond to this order within 30 days, the undersigned shall recommend to the assigned district judge that this action be dismissed without prejudice. The Court will not take any further action on the first amended complaint pending Negrete's response to this order.[2]

IT IS SO ORDERED.

Dated: **December 5, 2025**     /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

4773886, at *2 (D. Nev. Nov. 12, 2024); *Harper v. California Dep't of Corr. & Rehabs.*, No. 1:22-CV-00253-JLT-EPG (PC), 2022 WL 1094806, at *1 (E.D. Cal. Mar. 29, 2022); *Bey v. Saucedo*, No. 2:19-CV-2113-TLN-DB (PS), 2020 WL 1640000, at *2 (E.D. Cal. Apr. 2, 2020); *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal. Oct. 15, 2019); *Bey v. Peltier*, No. EDCV172552FMOKS, 2018 WL 1858189, at *3 (C.D. Cal. Jan. 25, 2018). *See also United States v. Studley*, 783 F.2d 934, 937, n.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology are frivolous and grounds for sanctions).

[2] Notably, the undersigned does not have the authority under 28 U.S.C. § 1915(e)(2) to screen the first amended complaint because the Trust is not a "natural person" and thus does not qualify to proceed *in forma pauperis* in any action brought on its behalf. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196, 201–12 (1993); *In re Golden*, No. 18-CV-2089 TWR (NLS), 2020 WL 7056166, at *4 (S.D. Cal. Dec. 2, 2020) ("[A]rtificial entities—including trusts—are not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915.") (collecting cases).