# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

THE NEGRETE TRIBE TRUST,

        Plaintiff,

   v.

DAVID KILLINGER,

        Defendant.

_____/

Case No. 1:25-cv-01160-JLT-SKO

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

**FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**

(Docs. 7, 8)

**21 DAY DEADLINE**

## I.    INTRODUCTION

Fernando Suarez Negrete ("Negrete"), proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on September 8, 2025. (Docs. 1–3.) On September 23, 2025, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Negrete thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.)

On November 24, 2025, after having been granted an enlargement of time (Doc. 6), Negrete filed a first amended complaint. (Doc. 7 at 5–8.) The amended complaint names as the sole plaintiff "The Negrete Tribe Trust" (the "Trust"), which is described as "a private irrevocable pure ecclesiastical living trust organization," and identifies Negrete as "living Moorish American Aboriginal Indigenous California State National, Secured Party Creditor, Holder-in-Due-Course, Beneficiary & Authorized Representative." (*Id*. at 5.)

On December 8, 2025, the undersigned ordered Plaintiff to (1) retain an attorney to represent

the Trust and instruct the attorney to enter a notice of appearance in this action to prosecute the first amended complaint; (2) file a second amended complaint that clearly alleges claims solely on Negrete's own behalf as an individual; or (3) otherwise show cause why this action should not be dismissed for failure of the Trust to appear in this case through a licensed attorney, pursuant to the rule articulated in *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987). (Doc. 8.)  Negrete filed a response on January 12, 2026.  (Doc. 10.)  For the reasons discussed below, the undersigned shall discharge the order to show cause and recommend that this action be dismissed without prejudice.

## II.    DISCUSSION

A trust must appear in federal court through a licensed attorney.  *C.E. Pope*, 818 F.2d at 697; *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (stating that a trust must be represented by an attorney).  Relatedly, although a non-attorney may appear pro se on their own behalf, that privilege is personal to them, and they have no authority to appear on behalf of anyone other than themselves.  *C.E. Pope*, 818 F.2d at 697; *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

Negrete's response asserts that "[a]s a private ecclesiastical trust, representation by licensed attorney is neither required nor desired; such requirement applies only to statutory entities (C.E. Pope Equity Trust distinguished on facts - ecclesiastical exemption under 1st Amendment and UN Declaration on the Rights of Indigenous Peoples Art. 34, self-governance)." (Doc. 10 at 10.)  But Negrete cites no legal authority exempting a "private ecclesiastical trust" from the rule in *C.E. Pope*. To the contrary, such a trust has been required to appear through legal counsel.[1]  *See Coldstream Ministries v. Regions Bank, N.A.*, No. 2:25-CV-993-KCD-DNF, 2025 WL 3513906, at *1 (M.D. Fla. Dec. 8, 2025).  Thus, non-attorney Negrete cannot endeavor to represent the interests of the Trust in this action.  *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the

---

[1] While some courts have found allegations of an "private ecclesiastical trust" baseless, *see In re Kilpatrick*, No. 25-30619, 2025 WL 3296216, at *22 (Bankr. S.D. Ohio Nov. 24, 2025) and *In re Morgan-Grant*, No. 24-18665-PDR, 2025 WL 1571024, at *1–3 (Bankr. S.D. Fla. June 3, 2025), whether the Trust in this case was validly formed or has an independent legal existence apart from Negrete's declarations is not before the undersigned and as such will not be determined here.

plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants); *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant.); *see also Simon*, 546 F.3d at 667 ("[A]bsent statutory authority stating otherwise, the general rule against permitting pro se litigants from representing others is applicable[.]").

If it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). In this instance, Negrete will not be able to remedy the defect that, as a non-lawyer, he cannot bring claims on behalf of the Trust. Leave to amend would therefore not be appropriate.

### III.     ORDER AND RECOMMENDATION

The Court's order to show cause (Doc. 8) is hereby DISCHARGED. For the reasons set forth above, IT IS RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 14, 2026**__          ___/s/ *Sheila K. Oberto*___
                                               UNITED STATES MAGISTRATE JUDGE