**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE NEGRETE TRIBE TRUST, | Case No. 1:25-cv-01160 JLT SKO |
| Plaintiff, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATION, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| DAVID KILLINGER, | |
| Defendant. | (Doc. 11) |

Fernando Suarez Negrete is proceeding pro se and *in forma pauperis* in this action. He filed a civil complaint on September 8, 2025.  (Docs. 1–3.)  On September 23, 2025, the assigned magistrate judge screened the complaint, found that it failed to state any cognizable claims, and granted Negrete thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order.  (Doc. 4.)

On November 24, 2025, after having been granted an extension of time to do so, Negrete filed a first amended complaint. (Doc. 6; Doc. 7 at 5–8.)  The amended complaint names as the sole plaintiff "The Negrete Tribe Trust" (the "Trust"), which is described as "a private irrevocable pure ecclesiastical living trust organization," and identifies Negrete as "living Moorish American Aboriginal Indigenous California State National, Secured Party Creditor, Holder-in-Due-Course, Beneficiary & Authorized Representative."  (*Id*. at 5.)

On December 8, 2025, the magistrate judge ordered Negrete to: (1) retain an attorney to

1

represent the Trust and instruct the attorney to enter a notice of appearance in this action to prosecute the first amended complaint; (2) file a second amended complaint that clearly alleges claims solely on Negrete's own behalf as an individual; or (3) otherwise show cause why this action should not be dismissed for failure of the Trust to appear in this case through a licensed attorney, pursuant to the rule articulated in *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987).  (Doc. 8.)  Negrete filed a response on January 12, 2026.  (Doc. 10.)

On January 14, 2026, the magistrate judge issued Findings and Recommendation that the action be dismissed without prejudice because "non-attorney Negrete cannot endeavor to represent the interests of the Trust in this action."  (Doc. 11 at 2 (citations omitted).)  While Negrete asserted in his response that "[a]s a private ecclesiastical trust, representation by licensed attorney is neither required nor desired; such requirement applies only to statutory entities," he cited "no legal authority exempting a 'private ecclesiastical trust' from the rule in *C.E. Pope*." (Doc. 11 at 2.)  The magistrate judge observed, "[t]o the contrary, such a trust has been required to appear through legal counsel."[1]  (Doc. 11 at 2 (citing *Coldstream Ministries v. Regions Bank, N.A.*, No. 2:25-CV-993-KCD-DNF, 2025 WL 3513906, at *1 (M.D. Fla. Dec. 8, 2025).)  Furthermore, the magistrate judge found that leave to amend would not be appropriate because "Negrete will not be able to remedy the defect that, as a non-lawyer, he cannot bring claims on behalf of the Trust."  (Doc. 11 at 3.)

The Court served the Findings and Recommendation on Negrete and notified him that any objections were due within 21 days.  (Doc. 11 at 1, 3.) The Court advised Negrete that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.* at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Negrete did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and

---

[1] The magistrate judge also observed that "[w]hile some courts have found allegations of an 'private ecclesiastical trust' baseless, whether the Trust in this case was validly formed or has an independent legal existence apart from Negrete's declarations is not before the undersigned and as such will not be determined here."  (Doc. 11 at 2 n.1 (internal citations omitted).)

2

Recommendation are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendation issued January 14, 2026 (Doc. 11) are **ADOPTED** in full.

2. This action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **February 13, 2026**

UNITED STATES DISTRICT JUDGE

3